**Max P. LASH, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 5190.**

United States Court of Appeals First Circuit.

June 7, 1957.

George B. Lourie, Washington, D. C., with whom Arnold R. Cutler, Boston, Mass., was on brief, for petitioner.

Karl Schmeidler, Attorney, Department of Justice, Washington, D. C., with whom Charles K. Rice, Asst. Atty. Gen., and I. Henry Kutz, Attorney, Department of Justice, Washington, D. C., were on brief, for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

The Commissioner of Internal Revenue determined deficiencies in the personal income taxes of the petitioner, Max P. Lash of Brookline, Massachusetts, for the calendar year 1945 in the gross amount of $55,148.95 to which he added the 50% penalty for fraud authorized by § 293(b) of the Internal Revenue Code of 1939. 26 U.S.C. § 293(b) (1952 ed.). On petition for redetermination the Tax Court of the United States was persuaded by the petitioner-taxpayer that the Commissioner had erred with respect to some of the items asserted by him to constitute income to the petitioner for the year in question. It found that the correct amount of the petitioner's income tax deficiency for the year involved was $38,718.51, and viewing the evidence of the petitioner's fraud as "overwhelming," it added thereto the statutory 50% fraud penalty.

The Tax Court gave the petitioner a full hearing on his petition for redetermination and thereafter handed down a lengthy opinion wherein it divided the numerous items charged by the Commissioner as income to the petitioner for the year into convenient categories and considered each category in detail. We see no occasion to re-plow the ground already

thoroughly turned by the Tax Court. It will suffice to say that we are not persuaded that the Tax Court fell into any error of law, and that after carefully considering the record as a whole we are convinced that with one exception its findings of facts are amply supported by substantial evidence.

The one exception is with respect to the so-called "Miller bonus."

The petitioner was the majority stockholder and the active managerial officer and guiding spirit of a Massachusetts corporation called Bristol Fabrics, Inc. On June 8, 1945, the corporation issued a check payable to its bookkeeper, one Miller, in the amount of $7,000 representing, according to the check stub, the amount of an alleged bonus of $8,750 less social security and withholding taxes in the amounts of $5.80 and $1,744.20 respectively. The Tax Court found that Miller and the petitioner went together to the bank on which the check was drawn, where Miller did not have an account, that Miller cashed the check, and that immediately thereafter the petitioner visited his personal safety deposit box in the bank vault. On this, and corroborating circumstantial evidence which we need not detail, the Tax Court found that the petitioner instead of Miller actually received the proceeds of the check.

The evidence, although circumstantial, is in our view clearly sufficient to warrant the Tax Court's finding that the proceeds of the $7,000 check cashed by Miller were turned over by him to the petitioner. We do not quarrel with that finding. But the Tax Court charged the petitioner with the full amount of the alleged "Miller bonus," $8,750, whereas the evidence is abundantly clear that the check cashed by Miller at the bank was in the amount of $7,000. Whether Bristol ever actually paid social security and withholding taxes of $1,750 in accordance with the entry on its books, as to which there is no evidence, is beside the point. The question is whether the amount of those taxes, or any part of it, ever found its way into the petitioner's pocket, and the only evidence is that all he received was the proceeds of the $7,-000 check made out to Miller. It seems to us that the Tax Court fell into clear error in charging the petitioner with the full amount of the bonus voted to Miller instead of with the amount of the check Miller cashed.

A judgment will be entered vacating the decision of the Tax Court of the United States and remanding the case to that court for redetermination of the deficiency in the petitioner's income tax liability for 1945 in accordance with the views expressed in this opinion.